IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-8 |
| | ) |
| HAROLD NOVICK | ) |

### RECEIPT FOR LOCAL CRIMINAL RULE 16.1 MATERIAL

The following materials are provided to you pursuant to Rule 16 of the Local Rules of Court for the United States District Court for the Western District of Pennsylvania. Please consider this the request of the United States for the disclosure of the materials and items that should be disclosed to the United States under Federal Rule of Criminal Procedure 16 and any other applicable reciprocal disclosure rule.

1. Relevant written or recorded statements or confessions of the defendant. Specify:

(A) transcripts of intercepted wiretap/Title III communications over five telephones and inside one vehicle

2. Grand Jury testimony of the defendant, if any, not included.

3. Defendant's prior criminal record, if any, included.

4. At a time convenient to all parties, the attorney for the defendant will be permitted to review and/or copy all tangible objects, books, papers, documents, buildings, or places that are in the possession, custody, or control of the United States and (a) are material to preparation of the defendant's defense, (b) are intended for use by the United States as evidence in its case-in-chief at trial, or (c) were obtained from or belong to the defendant.

(A) Please contact the assigned prosecutor to discuss copying and/or reviewing any item or data that is referenced in the material that is being provided with this receipt, including (1) the wiretap/Title III audio and video recordings over five telephones and inside one vehicle; (2) the data on any cell phones and computer/electronic storage devices that were obtained during the investigation; (3) the vehicle tracking device, pen register, telephone physical location, and telephone toll data that was obtained during the investigation; (4) the surveillance video footage and photos that were obtained during the investigation; (5) the bank, wire transfer, and business records that were obtained during the investigation; and (6) the prison records and recordings that were obtained during the investigation.

5. Reports of relevant physical or mental examinations and scientific tests. Specify:

(A) lab reports on controlled substances that were obtained during the investigation

6. As set forth in applicable case authority, counsel for the United States recognizes his/her obligation to seek all evidence favorable to the defendant that is known to the others acting on behalf of the United States in this case, and will timely disclose known, material, favorable evidence in a manner that accords due process to the defendant. The following exculpatory material is being disclosed at this time:

7. Additional documents provided:

(A) wiretap/Title III, search/seizure warrant, telephone physical location data, pen register, vehicle tracking device applications and orders

Respectfully submitted,

SCOTT W. BRADY
UNITED STATES ATTORNEY

s/ Craig W. Haller
Assistant U.S. Attorney

1-16-19
Date

Receipt acknowledged by:

_____
Counsel for Defendant

1-17-19
Date